THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERELL DAVISON, R70904, ) | |
| ) | |
| Plaintiff, ) | 24-1804-SMY |
| ) | |
| vs. ) | Case No. 3:24-cv-01443-GCS |
| ) | |
| BAILEY CAROTHERS, ) | |
| MARK WILLIAMS, ) | |
| ANTHONY WILLS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Plaintiff Terell Davison, an inmate of the Illinois Department of Corrections ("IDOC") currently detained at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Specifically, Plaintiff alleges while detained at Hill Correctional Center ("Hill"), Defendant Bailey Carothers implicated him in a false disciplinary ticket for a staff assault, which has led to consequences such as continued unfavorable treatment. Plaintiff also alleges that Defendant Anthony Wills has ignored his correspondence and grievances about ongoing issues with his conditions of confinement at Menard, which he believes to be related to the disciplinary conviction for the staff assault against Defendant Carothers. Because the complaint combines two claims that are only loosely related, and that concern prisons located in two different judicial districts, the Court will sever

Plaintiff's complaint into two cases, and it will transfer the allegations pertaining to Defendant Carothers to the Central District of Illinois.

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.[1] *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

On July 11, 2022, Plaintiff and Defendant Bailey Carothers interacted when Carothers instructed inmates to "lock up." (Doc. 1, p. 6). Plaintiff alleges that he stood at the door of his cell and informed Carothers that sometimes his door malfunctions and pops open. Carothers became irate and accused Plaintiff of jamming his cell door with a playing card she retrieved from a deck that was on the floor. Plaintiff insisted the cards were not his, but Carothers began to demand that he "let [her] go." Concerned that Carothers was implying he had touched her, Plaintiff put his hands up and proceeded to the foyer area of the housing unit to demonstrate to other officers that he was not a threat.

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint due to his consent to the full jurisdiction of a magistrate judge (Doc. 6) and the limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the IDOC and this Court.

Plaintiff alleges that Carothers "stuck to her lie", and he was found guilty of a disciplinary infraction for staff assault.

The disciplinary report led to him serving six months in segregation. (Doc. 1, p. 6). The attached disciplinary report also indicates that one month of good time credit was revoked, and Plaintiff received a disciplinary transfer. (Doc. 1, p. 9-10). Plaintiff claims that he is now labeled as a "staff assaulter" on his prison identification card, and he can no longer go to school, obtain a job, or attend rehabilitative programming to gain any good time credit. (Doc. 1, p. 6). He further claims officers now harass him with constant shakedowns and by turning off his water. Plaintiff characterizes these incidents as "unspoken imposed punishments" because he was accused of a staff assault.

Plaintiff alleges that Defendant Anthony Wills, the Warden of Menard, is turning a blind eye to the informal punishments imposed at the facility. He claims he has filed multiple request slips and grievances about the numerous shakedowns and interruptions with the water in his cell, but he has not received any responses. On the date of preparing the pleading, he claimed he had human waste in his toilet that had been there for three days. He alleges that he is being denied access to the grievance process, and Defendant Wills is turning a blind eye to his problems.

As relief, Plaintiff seeks compensation from Carothers for the months he spent in segregation because of her false disciplinary report, and he seeks monetary compensation from Wills for the informal punishments being imposed upon him. In the relief section of his pleading, Plaintiff states "they" broke his TV on transfer framing him with a weapon as "retaliation." (Doc. 1, p. 22).

Plaintiff attached grievances and the disciplinary report to his pleading. Based on the allegations in the Complaint, the Court designates the following counts:

**Claim 1:** **Fourteenth Amendment Due Process claim against Defendant Carothers for contributing to a false disciplinary report on July 11, 2022;**

**Claim 2:** **Eighth Amendment conditions of confinement claim against Defendant Wills for Plaintiff's ongoing conditions of confinement at Menard.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## PRELIMINARY DISMISSAL

Plaintiff named Mark Williams, the Warden at Hill, as a defendant solely for the purpose of securing video footage. This is not an appropriate way to request video footage, and there are no other allegations pertaining to Williams in the Complaint, so he will be dismissed without prejudice.

## DISCUSSION

The allegations in Claims 1 and 2 concern different defendants at different prison facilities, and they concern different constitutional violations. As such, the Court must consider if the claims are appropriately joined in a single lawsuit. The Federal Rules of

Civil Procedure and binding caselaw provide guidance on the appropriateness of joinder, and the options the Court has if faced with mis-joined claims. Rule 20 provides that multiple defendants may not be joined in the same lawsuit unless the plaintiff asserts at least one claim for relief against each defendant that arises out of the same transaction or occurrence, or series of transactions or occurrences, or that presents a question of law or fact common to all. *See* FED. R. CIV. PROC. 20; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Rule 21 grants district courts broad discretion when reviewing the joinder of claims. *See* FED. R. CIV. PROC. 21. *See also Dorsey v. Varga,* 55 F.4th 1094, 1102-04 (7th Cir. 2022) (describing the discretion to sever claims even if they may be joined).

Here, Plaintiff's allegations in Claim 1 concern alleged due process violations at Hill. In Claim 2, Plaintiff's allegations concern conditions of confinement at Menard. The sole unifying fact is that Plaintiff alleges he was falsely disciplined at Hill, and his false discipline led to his poor treatment at Menard. This unifying fact does not shore up the distinct legal and factual issues that will arise in these matters, and it does not convince the Court that it would be most efficient to allow the claims to proceed in tandem. The Court remains convinced that the major aspects of these two claims will require different evidence and witnesses and will invoke different legal standards, so it is best to allow the claims to proceed separately. Accordingly, the Court will exercise its discretion to sever Claim 1 into a new and separate case.

*Claim 1*

The allegations associated with Claim 1 concern Hill Correctional Center, which is in Knox County, Illinois. Title 28 U.S.C. § 1391(b) provides that suits filed under § 1983

may be brought only in (1) the judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought. Knox County falls within the jurisdiction of the Central District of Illinois, 28 U.S.C. § 93(b), so the Court finds it appropriate to transfer Plaintiff's allegations in Claim 1 to the Central District of Illinois for further consideration. *See, e.g.*, 28 U.S.C. § 1404(a) (stating that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."). This Order is *not* intended to serve as a merit review (28 U.S.C. § 1915A) of Plaintiff's allegations concerning Defendant Carothers and what transpired at Hill.

*Claim 2*

Plaintiff faults Warden Anthony Wills for "turning a blind eye" to the informal punishments he has received at Menard as a staff assaulter, *i.e.*, shakedowns and his water being turned off. He alleges that he has written grievances and request slips about these issues addressed to the Warden, but he has not received a response. Specifically, he claims he has placed grievances in the black box in March, April, and May, but he has not heard anything back. He takes this to mean he is being denied access to the grievance process.

An inmate has no right to access the grievance procedure and cannot make a claim about the mishandling of a grievance by someone who is not otherwise involved in the underlying allegations presented in the grievance. *See, e.g.*, *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (noting that "the alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Thus, Plaintiff cannot state a valid claim against Wills by simply complaining that he is unable to access the grievance process or that his grievances are not being processed.

Despite the inability to pursue a claim about the mishandling of a grievance, an inmate may in some instances state a claim against an individual who handled his grievance if he alleges that the individual was made aware of a serious issue and failed to exercise their authority to remedy the situation. *See, e.g.*, *Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (noting that officials who had actual knowledge of an inmate's serious problem from highly detailed grievances and correspondence may be liable for turning a blind eye to the situation). It appears that Plaintiff is attempting to present a claim of this variety, but he does not describe what his correspondence to Defendant Wills specifically alleged, or if Defendant Wills ever actually received anything directed to him and responded by refusing to assist. The mere suggestion that Wills, as Warden of the prison, should be held responsible because Plaintiff attempted to contact him about an issue is not enough, particularly where he does not allege that he ever spoke to Wills or got any sort of response from him.

While it is possible that Plaintiff could perhaps state a claim about the conditions of his confinement related to his water outages, he has not alleged sufficient awareness or personal involvement of Defendant Wills to proceed on Claim 2 as pled. He also complains of repeated shakedowns, but again he does not sufficiently tie this issue to Wills's personal actions. As a pro se litigant, Plaintiff is afforded broad deference and will be given an opportunity to file an amended complaint about his current conditions at Menard.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

### DISPOSITION

**IT IS HEREBY ORDERED THAT** the Clerk of Court shall sever Claim 1 against Defendant Bailey Carothers into a new lawsuit. In the new lawsuit, the Clerk shall docket:

- This Memorandum and Order;
- The Complaint (Doc. 1);
- Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 5).

The Clerk shall then immediately **TRANSFER** the new case to the Central District of Illinois for further proceedings.

In the present case, the Clerk of Court shall **TERMINATE** Defendants Carothers and Mark Williams. **Claim 2** of the complaint is dismissed without prejudice for failure to state a claim. Plaintiff shall have **30 days** to file an amended complaint concerning the present conditions of his confinement at Menard. The Clerk of Court is **DIRECTED** to send him a civil rights template. Failure to file an amended complaint may result in the dismissal of this lawsuit for failure to state a claim.

**IT IS SO ORDERED.**

**DATED:  July 30, 2024.**

Digitally signed by Judge Sison
Date: 2024.07.30 10:51:41 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**